**Bruce SCHNABEL, Plaintiff,**

v.

**PHILADELPHIA AMERICAN LIFE INSURANCE COMPANY, Defendant.**

**Civ.A. No. H–90–3948.**

United States District Court, S.D. Texas, Houston Division.

July 2, 1992.

David W. Waddell, Hoover, Bax & Shearer, Houston, TX, for plaintiff.

Maria Wyckoff Boyce, Baker & Botts, Houston, TX, for defendant.

## MEMORANDUM AND ORDER

LAKE, District Judge.

On June 2, 1992, this court entered a Final Judgment denying PALICO's Motion for Summary Judgment, declaring that plaintiff is entitled to conversion coverage with maximum lifetime benefits of $1,000,-000, and awarding plaintiff costs and attorneys' fees (Docket Entry No. 38). Pending before the court is PALICO's Motion for New Trial (Docket Entry No. 39). Because a motion for new trial may not be urged in cases in which a trial was not held, and because PALICO's motion asks the court to vacate its Final Judgment and enter judgment for PALICO, PALICO's motion is actually a motion to amend judgment. Fed. R.Civ.P. 59(e). For the reasons set forth below PALICO's motion is DENIED.

In its Memorandum and Order of April 3, 1992, 795 F.Supp. 816, this court rejected PALICO's argument that Texas law prescribes no minimum standards for conversion policies and, relying on *Baker v. Washington National Ins. Co.*, 823 F.2d 156 (5th Cir.1987), construed the general, unrestricted language by which PALICO agreed to convert plaintiff's group coverage to individual coverage as a promise to continue the level of coverage provided by plaintiff's Group Accident and Health Contract (Docket Entry No. 35). In its motion to amend judgment, PALICO argues that the Final Judgment should be amended because the Texas Insurance Code does not set minimum standards for conversion coverage, because the court's application of *Baker* contravenes the Texas Insurance Code, because the court added new terms to plaintiff's policy, because the court's reliance on PALICO's alleged breach of contract is unsupported, and because plaintiff is not entitled to attorneys' fees.

PALICO is mistaken in arguing that Texas fails to prescribe minimum standards for conversion policies. On February 15, 1990, approximately two weeks prior to the date on which plaintiff submitted his application for conversion coverage, the following provision of the Texas Administrative Code took effect:

An insurer or similar organization issuing group long-term care *shall* provide a basis for continuation or conversion of coverage ...

(2) For purposes of this section, the term "a basis for conversion of coverage" means a policy provision that an individual whose coverage under the group policy would otherwise terminate ... shall be entitled to the issuance of a converted policy by the insurer under whose group policy he or she is covered, without evidence of insurability.

(3) For the purposes of this section, *the term "converted policy" means an individual policy of long-term care insurance providing benefits identical to or benefits determined by the board to be substantially equivalent to, or greater than, those provided under the group policy from which conversion is made.* (Emphasis added)

28 T.A.C. § 3.3828. By this provision, the Texas Board of Insurance established minimum standards for conversion policies issued in Texas. Texas Insurance Code Ann. art. 3.51–6 § 1(d)(3)(A)(ii).[1] Moreover, as the court stated in its Memorandum and Order of April 3, 1992,[2] even were PALICO successful in this argument, it would gain little since a finding that PALICO's new policy satisfied a statutory *minimum* would not preclude plaintiff from establishing that PALICO was contractually obligated to provide greater benefits.

PALICO is similarly mistaken in arguing that *Baker v. Washington National Ins. Co.,* 823 F.2d 156 (5th Cir.1987), contravenes the Texas Insurance Code. In *Baker* the Fifth Circuit held that:

> [I]f a company includes an undertaking to offer a conversion policy and its promise is no more definite than that it will issue an undisclosed, undefined form of conversion policy, it is bound to furnish at least one that is no less advantageous to the insured than the coverage it agrees to convert.

823 F.2d at 159. Because art. 3.51–6 of the Texas Insurance Code requires the issuance of conversion policies and because Title 28 of the Texas Administrative Code at § 3.3828 mandates that conversion policies issued in Texas provide benefits that are no less advantageous than those provided under the group policy from which conversion is made, nothing in *Baker* con-

travenes either the Texas Insurance Code or the sections of the Texas Administrative Code regulating insurance.

█ PALICO's arguments that the court erred by adding new terms to its contract with plaintiff and by relying on an alleged breach of contract theory that is preempted by the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, *et seq.,* also lack merit. In its Motion for Summary Judgment (Docket Entry No. 18) PALICO argued its case as one of simple contract construction. In its Memorandum and Order of April 3, 1992 (Docket Entry No. 35), the court construed the terms of the conversion privilege contained in PALICO's Group Accident and Health Contract with plaintiff's employer. By its Final Judgment, the court ordered the parties to comply with its construction of the contractual terms. The court has neither added new terms to the underlying contract nor found that a breach of contract occurred. Moreover, because ERISA empowers this court to enjoin any act or practice that violates the terms of an ERISA plan, order appropriate equitable relief to redress such violations and/or *to enforce any terms of an ERISA plan,* the outcome of this action would not be different were it decided under ERISA. 29 U.S.C. § 1132(a)(3).

█ PALICO is also mistaken in arguing that plaintiff is not entitled to attorneys' fees on grounds that such an award is unsupported by the five-factor test established by the Fifth Circuit for evaluating requests for attorneys' fees in ERISA cases. *Iron Workers Local No. 272 v. Bowen,* 624 F.2d 1255, 1266 (5th Cir.1980). Because plaintiff in this action sought and obtained declaratory judgment construing the terms of an insurance contract issued by PALICO, Texas law entitles plaintiff to

---

1. The fact that § 3.3828 of the Texas Administrative Code set minimum standards for conversion policies is Texas is additionally spelled out in the Texas Register:

   The adoption [of Subchapter Y Minimum Standards for Benefits for Long–Term Coverage Under Individual and Group Policies] includes the addition of specific standards for continuation or conversion in § 3.3828, by providing definitions of bases for continuation or conversion coverage, a definition for

the term "converted policy" and terms and conditions under which continuation of coverage or conversion is required, as well as provisions regarding limitations to the requirement for continuation or conversion and *the level of benefits required to be provided thereunder.* 15 Tex.Reg. 544 (February 2, 1990) (emphasis added).

2. Docket Entry No. 35, p. 12.

an award of costs and attorneys' fees. Tex.Civ.Prac. & Rem.Code Ann. §§ 37.009, 38.001(8). Alternatively, ERISA provides that "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(2). Contrary to PALICO's contention, the court finds that the award of costs and attorneys' fees to plaintiff is proper under the *Bowen* test because PALICO is able to satisfy an award of attorneys' fees, because such an award will deter other insurance companies from denying conversion coverage in situations such as this, and because the decision in this action will necessarily advance the interests of all who seek to convert their coverage under insurance plans containing the same or similar language. PALICO stipulated to the amount of attorneys' fees and taxable costs incurred by plaintiff (Docket Entry No. 37).

Accordingly, PALICO's motion to amend judgment (Docket Entry No. 39) is DENIED.